TORRES & ENSEÑAT, PETITIONERS AND APPELLANTS, v. ALFARO, NOW DE JESÚS, MUNICIPAL JUDGE, RESPONDENT AND APPELLEE · (ORTIZ, INTERVENOR AND APPELLEE).

### APPEAL from the District Court of Ponce in Certiorari Proceedings.

No. 1519.—Decided January 30, 1917.

JUDGMENT BY DEFAULT—SUMMONS—SERVICE.—In accordance with section 92 of the Code of Civil Procedure, in order that the default of a defendant may be entered and judgment rendered against him, it is absolutely necessary that the summons, by whomsoever served, be returned as served to the office of the secretary of the court, as provided for by law; for only by an examination of the return thereon can it be determined whether the court acquired jurisdiction by due service of the summons upon the defendant.

ID.—ID.—ID.—JURISDICTION.—In this case when the default judgment was entered by the secretary the affidavit of the person charged with the service of the summons did not appear in the record, but it was filed eight days later. *Held:* That, applying the foregoing doctrine, the said judgment and the subsequent proceedings were null and void because the court acted without jurisdiction.

ID.—ID.—ID.—ANSWER.—In order to determine whether the answer was filed within the time specified in the summons, as required by subdivision 1 of section 194 of the Code of Civil Procedure, the court must have before it when it renders judgment the return showing the date on which the summons was served.

ID.—JURISDICTION.—When a judgment by default is void on its face because of lack of jurisdiction which appears from a simple examination of the record, it may be set aside at any time after its entry without regard to the time prescribed by section 140 of the Code of Civil Procedure.

JURISDICTION—SUMMONS—SERVICE.—In order that a court may know that it has acquired jurisdiction over a defendant according to section 98 of the Code of Civil Procedure, it must have before it authentic proof of the service of the summons by means of the return made in accordance with law.

The facts are stated in the opinion.
*Mr. Carlos Brunet* for the appellants.

*Mr. Manuel A. Rivera* for the appellee.

*Mr. A. Quintana Cajas* for the intervenor.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal from a judgment of the District Court of Ponce of January 27, 1916, discharging a writ of certiorari issued to the judge of the Municipal Court of Coamo for a review of the proceedings therein in an action of debt—Case No. 360—prosecuted by Torres & Enseñat against Felipe Ortiz.

The facts pertinent to the decision of the present appeal, as shown by the transcript of the record, are as follows:

1. On November 1, 1910, the mercantile firm of Torres & Enseñat filed a verified complaint against Felipe Ortiz in the Municipal Court of Coamo to recover the sum of $321.91, with interest thereon from the date of the filing of the complaint until payment in full, together with the costs of the action.

2. Jovino Torres avers that he served the summons on the defendant on November 3, 1910, he having made an affidavit to that effect before the justice of the peace of Juana Díaz on November 26, 1910.

3. The defendant did not answer the complaint and on November 18 the plaintiffs applied to the secretary of the municipal court to enter the default of the defendant with judgment for the plaintiffs, the complaint being duly verified.

4. Judgment by default was entered on the same day, November 18, in favor of the plaintiff firm and against the defendant for the sum of $321.91, with interest from the date of filing the complaint until payment in full, and the costs of the suit; and it was further ordered that execution should issue against the defendant for the satisfaction of the judgment.

5. On November 4, 1915, Felipe Ortiz appeared in the action by filing a verified motion in which he alleged that on October 27, 1915, a cinematograph equipment belonging to him had been levied on by order of the Municipal Court of Coamo; that he had been notified of the levy by one of his employees who had been appointed custodian of the property levied on, and that he had never had any knowledge that any action had been brought against him by Torres & Enseñat, for at no time had he been notified of the action against him nor had he received any official notice of the levy, and that if there existed a judgment against him it had been entered without giving him a hearing, wherefore he prayed that an order be made setting aside all the proceedings in the action.

6. The plaintiffs opposed the motion and alleged, among other things, that the defendant had been duly served by Jovino Torres with the summons and a copy of the complaint at his residence in Juana Díaz, as required by law, and that the motion came too late and should be overruled because it was filed more than four years after judgment had been entered, when, therefore, more than the six months allowed by section 140 of the Code of Civil Procedure had elapsed.

7. The Municipal Court of Coamo sustained the motion on November 24, 1915, on the ground that it had not acquired jurisdiction of the person of the defendant, and as a consequence held that all the proceedings in the suit were null and void, allowing the plaintiffs to apply for an alias summons against the defendant.

As a result of the foregoing, the mercantile firm of Torres & Enseñat applied to the District Court of Ponce for a writ of certiorari to review the said proceedings, and prayed that the order of the Municipal Court of Coamo of November 24, 1915, be set aside, and that the execution of the judgment under consideration be proceeded with. The writ of certiorari was issued and after the formalities of law had been

complied with, the District Court of Ponce rendered the judgment appealed from and referred to at the beginning of this opinion, discharging the writ without special imposition of costs.

The district court based its ruling on the ground, among others which we need not consider, that the affidavit of Jovino Torres, who was charged with the service of the summons, was made before the justice of the peace of Juana Díaz, Pedro Monclova, on November 26, 1910, or eight days after the judgment by default had been entered against Felipe Ortiz by the secretary of the municipal court.

As will be seen, both the Municipal Court of Coamo and the District Court of Ponce, by their decisions of November 24, 1915, and January 27, 1916, respectively, agree that the said municipal court had not acquired jurisdiction of the person of the defendant on November 18, 1910, when judgment by default was entered against Felipe Ortiz in favor of the plaintiff firm for the amount claimed, and that the said judgment and other proceedings in the action were therefore null and void. Both courts are right.

Section 92 of the Code of Civil Procedure provides that "when the summons is served by the marshal it must be returned with (his) certificate of its service, and of the service of any copy of the complaint, when such copy is served, to the office of the secretary from which it is issued," and that "when it is served by any other person, it must be returned to the same place with an affidavit of such person of its service and of the service of a copy of the complaint, when such copy is served." In view of this mandatory provision, there is no doubt that no matter who serves the summons it must be returned to the office of the secretary of the court in the manner prescribed by the statute.

And such return is absolutely necessary before default can be entered or judgment rendered, for only by an examination of the return on the summons can it be determined

whether the summons was duly served and the court thus acquired jurisdiction of the person of the defendant.

In order to bring a defendant under the jurisdiction of the court he must be summoned in the manner prescribed by law, and a return must be made to the court showing that the summons was so served and the statutory requirements duly complied with, without prejudice to the provisions of section 98 of the Code of Civil Procedure. *Orcasitas* v. *Márquez et al.,* 19 P. R. R. 454.

And the proof of the service of the summons and of a copy of the complaint upon the defendant, when made by a person other than the marshal, must be an affidavit made by such person, according to section 97 of the Code of Civil Procedure.

In the present case there was no proof before the Municipal Court of Coamo that the summons had been served, for the affidavit of Jovino Torres to that effect was made before the justice of the peace of Juana Díaz on November 26, 1910, after the judgment had been entered on November 18—that is, eight days before the affidavit of service. The defendant was not under the jurisdiction of the court when the said default judgment was entered against him.

It is true that section 98 of the Code of Civil Procedure provides that "from the time of the service of the summons and of a copy of the complaint in a civil action, where service of a copy of the complaint is required, or of the completion of the publication, when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings"; but the court must have before it authentic proof of the service in the shape of the return made in accordance with the law.

That is the only means by which the court can determine whether it has acquired jurisdiction over the person of the defendant.

The foregoing is corroborated by section 194 of the said Code of Civil Procedure, which, in so far as pertinent, provides as follows:

"Judgment may be had, if the defendant fail to answer the complaint, as follows:

"In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of the several defendants, in the cases provided for in section 96."

In order to determine whether the answer has been filed within the time specified in the summons, the court must have before it the return on the summons, showing the date of its service, at the time it renders the judgment; and it had no such return in the case under consideration.

It follows, therefore, that the judgment which the Municipal Court of Coamo set aside for lack of jurisdiction by its decision of November 24, 1915, was really null and void, and as a simple examination of the record shows that it was null and void on its face, the court was justified in setting it aside, as it did, upon motion of the defendant at any time after its entry, regardless of the time prescribed by section 140 of the Code of Civil Procedure of Porto Rico, which is similar to section 473 of the California code. We have developed this theory at length in the case of *Freiría & Company* v. *R. Félix Brothers & Co.*, 20 P. R. R. 148.

For the foregoing reasons, and a consideration of the other questions raised being, in our opinion, unnecessary for the decision of this appeal, the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.